**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                             Plaintiff,<br><br>             v.<br><br>$3,435,676.57 IN UNITED STATES CURRENCY HELD IN GENERAL LEDGER ACCOUNT NO. 4050720 AT WELLS FARGO BANK, N.A., FORMERLY ON DEPOSIT IN ACCOUNT NO. 2502560838 ASSOCIATED WITH OCEAN STUDIOS CALIFORNIA LLC, AND ANY AND ALL FUNDS TRACEABLE THERETO,<br><br>INCLUDING ACCRUED INTEREST<br><br>                       Defendant-*in-rem*. | Civil Action No. 24-CV-9189-RA |

## CLAIMANT SPARTICLE LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT FOR CIVIL FORFEITURE

Claimant Sparticle Limited ("Claimant" or "Sparticle"), by and through his undersigned counsel, hereby submits its answer and defenses ("Answer") to the United States of America's Complaint ("Complaint") dated December 2, 2024, subject to amendment or supplementation following further investigation of the facts and proceedings in this action, and without waiver of any rights, privileges, or defenses.

Sparticle denies all of the allegations in the Complaint unless expressly admitted herein. Sparticle denies all headings and footnotes that purport to make factual or legal arguments. To the extent Sparticle uses terms defined in the Complaint, such use is not an acknowledgement or admission of any characterization the United States seeks to associate with any such defined term.

Sparticle reserves the right to amend its answers and defenses herein as permitted under the Court's orders and rules.

Sparticle answers the allegations of the like-numbered paragraphs of the Complaint as follows.

1.      Claimant admits that the Government purports to bring this civil forfeiture action under 18 U.S.C. § 981(a)(1)(C), but denies that the Government has a reasonable basis to bring this action.  Claimant admits that it holds an interest in the approximately $3,435,676.57 in United States currency held in General Ledger Account No. 4050720 (the "General Ledger Account") at Wells Fargo Bank, N.A. ("Wells Fargo"), and formerly on deposit in Account 2502560838 associated with Ocean Studios California LLC ("OSC") ("Defendant-*in-rem*").  Claimant denies the remaining allegations in Paragraph 1.

2.      Paragraph 2 contains legal conclusions to which no response is required.  To the extent a response is required, Claimant denies the allegations in Paragraph 2.

3.      Paragraph 3 contains legal conclusions to which no response is required.  To the extent a response is required, Claimant denies the allegations in Paragraph 3.

4.      Paragraph 4 contains legal conclusions to which no response is required.  To the extent a response is required, Claimant denies the allegations in Paragraph 4.

5.      Paragraph 5 contains legal conclusions to which no response is required.  To the extent a response is required, Claimant denies any characterization or implication suggesting that the plain text of the IEEPA applies to Sparticle, Mr. Ezubov, or OSC, or that Paragraph 5 alleges any wrongdoing by Sparticle, Mr. Ezubov, or OSC.

6.      Paragraph 6 contains legal conclusions to which no response is required.  To the extent a response is required, Claimant denies any characterization or implication suggesting that

the plain text of the IEEPA or the Executive Order apply to Sparticle, Mr. Ezubov, or OSC, or that Paragraph 6 alleges any wrongdoing by Sparticle, Mr. Ezubov, or OSC.

7.      Paragraph 7 contains legal conclusions to which no response is required.  To the extent a response is required, Claimant denies any characterization or implication suggesting that the plain text of the Executive Order applies to Sparticle, Mr. Ezubov, or OSC, or that Paragraph 7 alleges any wrongdoing by Sparticle, Mr. Ezubov, or OSC.

8.      The allegations in Paragraph 8 state legal conclusions to which no response is required.  To the extent a response is required, Claimant denies any characterization or implication suggesting that the plain text of the Executive Orders applies to Sparticle, Mr. Ezubov, or OSC, or that Paragraph 8 alleges any wrongdoing by Sparticle, Mr. Ezubov, or OSC.

9.      The allegations in Paragraph 9 state legal conclusions to which no response is required.  To the extent a response is required, Claimant denies any characterization or implication suggesting that the plain text of IEEPA or the Executive Orders apply to Sparticle, Mr. Ezubov, or OSC, or that Paragraph 9 alleges any wrongdoing by Sparticle, Mr. Ezubov, or OSC.

10.     The allegations in Paragraph 10 state legal conclusions to which no response is required.  To the extent a response is required, Claimant denies any characterization or implication suggesting that the plain text of IEEPA, the Ukraine-Related Sanctions Regulations, or the Executive Orders apply to Sparticle, Mr. Ezubov, or OSC, or that Paragraph 10 alleges any wrongdoing by Sparticle, Mr. Ezubov, or OSC.

11.     The allegations in Paragraph 11 state legal conclusions to which no response is required.  To the extent a response is required, Claimant denies any characterization or implication suggesting that the plain text of IEEPA, the Ukraine-Related Sanctions Regulations, or the

Executive Orders apply to Sparticle, Mr. Ezubov, or OSC, or that Paragraph 11 alleges any wrongdoing by Sparticle, Mr. Ezubov, or OSC.

12.    Claimant lacks sufficient information or knowledge to form a belief regarding the allegations contained in Paragraph 12, except that Claimant denies any involvement in sanctions-violative activity by Sparticle, Mr. Ezubov, or OSC as alleged in Paragraph 12.

13.    Claimant admits that on or about April 6, 2018, OFAC designated Mr. Deripaska as an SDN pursuant to Executive Order 13661, and designated Basic Element Limited, EN+ Group and other entities.  Claimant lacks sufficient information or knowledge to form a belief regarding the allegations contained in Paragraph 13, except that Claimant denies the allegations to the extent that they suggest or imply any wrongdoing by Sparticle, Mr. Ezubov, or OSC.

14.    Claimant lacks sufficient information or knowledge to form a belief regarding the allegations contained in Paragraph 14, except that Claimant denies the allegations to the extent that they suggest or imply any wrongdoing by Sparticle, Mr. Ezubov, or OSC.

15.    Claimant admits the existence and circumstances of the filing of the Indictment referenced in Paragraph 15.  To the extent a response is required, Claimant lacks sufficient information or knowledge to form a belief regarding the remaining allegations contained in Paragraph 15 and therefore, on that basis, denies them.  Claimant denies the allegations to the extent they suggest or imply any wrongdoing by Sparticle, Mr. Ezubov, or OSC.

16.    The allegations in Paragraph 16 purport to characterize the Deripaska Indictment, which speaks for itself, and Sparticle denies any allegations regarding the Indictment's content that are inconsistent with that content.

       a.    The allegations in Paragraph 16(a) purport to characterize and/or quote from the Deripaska Indictment, which speaks for itself, and Sparticle therefore

denies any allegations regarding the Indictment's content that are inconsistent with that content.

b. The allegations in Paragraph 16(b) purport to characterize and/or quote from the Deripaska Indictment, which speaks for itself, and Sparticle therefore denies any allegations regarding the Indictment's content that are inconsistent with that content.

    i. The allegations in Paragraph 16(b)(i) purport to characterize and/or quote from the Deripaska Indictment, which speaks for itself, and Sparticle therefore denies any allegations regarding the Indictment's content that are inconsistent with that content.

    ii. The allegations in Paragraph 16(b)(ii) purport to characterize and/or quote from the Deripaska Indictment, which speaks for itself, and Sparticle therefore denies any allegations regarding the Indictment's content that are inconsistent with that content.

    iii. The allegations in Paragraph 16(b)(iii) purport to characterize and/or quote from the Deripaska Indictment, which speaks for itself, and Sparticle therefore denies any allegations regarding the Indictment's content that are inconsistent with that content.

    iv. The allegations in Paragraph 16(b)(iv) purport to characterize and/or quote from the Deripaska Indictment, which speaks for itself, and Sparticle therefore denies any allegations regarding the Indictment's content that are inconsistent with that content.

v. The allegations in Paragraph 16(b)(v) purport to characterize and/or quote from the Deripaska Indictment, which speaks for itself, and Sparticle therefore denies any allegations regarding the Indictment's content that are inconsistent with that content.

vi. The allegations in Paragraph 16(b)(vi) purport to characterize and/or quote from the Deripaska Indictment, which speaks for itself, and Sparticle therefore denies any allegations regarding the Indictment's content that are inconsistent with that content.

17.    The allegations in Paragraph 17 purport to characterize and/or quote from the Bonham-Carter Indictment, which speaks for itself, and Sparticle therefore denies any allegations regarding its content that are inconsistent with the Bonham-Carter Indictment's actual contents.

18.    Claimant denies possessing information or knowledge sufficient to form a belief regarding the truth of the allegations in the prefatory paragraph of Paragraph 18 and therefore, on that basis, denies the allegations therein.

a. Claimant denies that OSC is a "shell entity." Claimant admits the remaining allegations in Paragraph 18(a).

b. Claimant admits the allegations in Paragraph 18(b).

c. Claimant admits that Mr. Pavel Ezubov ("Mr. Ezubov") became an Ultimate Beneficial Owner of Studio Ltd. as of February 2016 through various corporate entities, and that Mr. Ezubov signed the Declaration of Trust dated April 27, 2018. Claimant denies the remaining allegations in Paragraph 18(c).

d.  Claimant admits the first and second sentences in Paragraph 18(d). Claimant denies that Mr. Ezubov acted as a proxy for Mr. Deripaska in connection with the transfers referenced within the Complaint and as alleged in Paragraph 18(d).

e.  The allegations in Paragraph 18(e) purport to characterize and/or quote from multiple documents and a publicly available corporate database as of November 2024, each of which speaks for itself, and therefore do not require a response. To the extent a response is required, Claimant admits that as of November 2024, Mr. Ezubov was a director and person of significant control of Terra Services Limited, that Taviner Limited was controlled by Mr. Deripaska between 2015-2016, and that Mr. Deripaska was listed as a person of significant control of Terra Services Limited in early 2018. Claimant admits that effective January 25, 2018, there was a change in control of Terra Services Limited from Mr. Deripaska to Mr. Ezubov, and that documentation of that change was filed on or about April 24, 2018. Claimant admits that related party transactions listed in the report included Taviner Ltd. and Tangril Equities Ltd., and that the report set forth that Mr. Deripaska controlled both Taviner Ltd. and Tangril Equities Ltd. Claimant denies that Mr. Deripaska controlled Tangril Equities Ltd. during the period referenced in the report. Claimant admits that the report listed Terra Services' immediate parent company as Sparticle Limited.

Claimant denies that Sparticle, incorporated in Cyprus, identified its ultimate parent company as Cofido, Ltd., a company incorporated in the British Virgin Islands, in the same report.

f. Claimant admits that Mr. Ezubov had certain communications with Ms. Shriki starting in at least 2014, which concerned only the operation of the Music Studio. Claimant denies that Mr. Deripaska was the ultimate decision-maker with regard to the Music Studio after the Designation Date, as Mr. Deripaska ceased being a decision-maker for the Music Studio as of approximately February 2016. Claimant also denies that Mr. Ezubov helped to operate and fund the Music Studio on Mr. Deripaska's behalf after approximately February 2016, well before the Designation Date. Claimant lacks sufficient information or knowledge to form a belief regarding the remaining allegations in Paragraph 18(f) and therefore, on that basis, denies them.

g. The allegations in Paragraph 18(g) purport to characterize and/or quote from an email, which speaks for itself, and therefore do not require a response. To the extent a response is required, Claimant lacks sufficient information or knowledge to form a belief regarding the allegations in Paragraph 18(g) and therefore, on that basis, denies them.

h. The allegations in Paragraph 18(h) purport to characterize and/or quote from an email, which speaks for itself, and therefore do not

require a response.  To the extent a response is required, Claimant lacks sufficient information or knowledge to form a belief regarding the allegations in Paragraph 18(h) and therefore, on that basis, denies them.

i.  The allegations in Paragraph 18(i) purport to characterize and/or quote from an email, which speaks for itself, and therefore, do not require a response.  To the extent a response is required, Claimant lacks sufficient information or knowledge to form a belief regarding the allegations in Paragraph 18(i) and therefore, on that basis, denies them.

j.  The allegations in Paragraph 18(j) purport to characterize and/or quote from an email, which speaks for itself, and therefore do not require a response.  To the extent a response is required, Claimant lacks sufficient information or knowledge to form a belief regarding the allegations of Paragraph 18(j) and therefore, on that basis, denies them.

k.  Claimant denies that Ms. Shriki worked for the benefit of Mr. Deripaska with respect to the operations of the Music Studio after the Designation Date, as Mr. Deripaska ceased being a decision-maker for the Music Studio as of February 2016.  Claimant lacks sufficient information or knowledge to form a belief regarding the remaining allegations in Paragraph 18(k) and therefore, on that basis, denies them.

9

l.  Claimant admits that at all relevant times, OSC held a bank account at Wells Fargo, and that payments were at some point made by Tangril Equities Ltd. ("Tangril") to OSC in 2016 totaling an amount of at least $150,000.  Claimant denies that Mr. Deripaska controlled Tangril Equities Ltd. during the period covered in the January 2017 filings as referenced in Paragraph 18(e).  Claimant lacks sufficient information or knowledge to form a belief regarding the remaining allegations in Paragraph 18(l) and therefore, on that basis, denies them.

m.  Claimant admits that a loan payment of $32,000 was made to the OSC Account by Hospina Ltd. in February 2018. Claimant lacks sufficient information or knowledge to form a belief regarding the remaining allegations in Paragraph 18(m) and therefore, on that basis, denies them.

n.  Claimant denies that through GCS, Ms. Shriki coordinated with Mr. Ezubov to continue providing services to and for the benefit of Mr. Deripaska and to continue receiving funds from Mr. Deripaska or entities controlled by Mr. Deripaska.  Claimant lacks sufficient information or knowledge to form a belief regarding the remaining allegations in Paragraph 18(n) and therefore, on that basis, denies them.

o.  The allegations in Paragraph 18(o) purport to characterize and/or quote an email, which speaks for itself, and therefore do not require

a response.  To the extent a response is required, Claimant lacks sufficient information or knowledge to form a belief regarding the allegations in Paragraph 18(o) and therefore, on that basis, denies them.

p.  The allegations in Paragraph 18(p) purport to characterize and/or quote two documents, each of which speaks for itself, and therefore, do not require a response.  To the extent a response is required, Claimant admits that according to a Cypriot certificate dated May 8, 2019, Mr. Ezubov was the Ultimate Beneficial Owner and Secretary of Sparticle as of that date.  Claimant admits that Mr. Ezubov became the Ultimate Beneficial Owner and Secretary of Sparticle on January 25, 2018.  Claimant admits that Mr. Deripaska was the controlling party of Terra Services and Sparticle as of January 2017, but was no longer the controlling party of either of those entities as of or after the Designation Date.  Claimant lacks sufficient information or knowledge to form a belief regarding the remaining allegations in Paragraph 18(p) and therefore, on that basis, denies them.

q.  Claimant lacks sufficient information or knowledge to form a belief regarding the allegations in Paragraph 18(q) and, on that basis, denies them.

r.  Claimant denies that any funding received for the Music Studio was connected to any sanctions-violative conduct.  Claimant lacks

sufficient information or knowledge to form a belief regarding the remaining allegations in Paragraph 18(r) and therefore, on that basis, denies them.

s.  Claimant admits that in 2019, Ms. Shriki assisted with the sale of the Music Studio by OSC, but states that such assistance was for the sole benefit of OSC and Mr. Ezubov, as the Music Studio's Ultimate Beneficial Owner at the time.  Claimant lacks sufficient information or knowledge to form a belief regarding the remaining allegations in Paragraph 18(s) and therefore, on that basis, denies them.

t.  Claimant lacks sufficient information or knowledge to form a belief regarding the allegations in Paragraph 18(t) and therefore, on that basis, denies them.

u.  The allegations in Paragraph 18(u) purport to characterize and/or quote from an email, which speaks for itself, and therefore do not require a response.  To the extent a response is required, Claimant admits that Ms. Shriki assisted with the sale of the Music Studio, but denies that she did so for the benefit of Mr. Deripaska.  Claimant lacks sufficient information or knowledge to form a belief regarding the remaining allegations in Paragraph 18(u) and therefore, on that basis, denies them.

v.  Claimant admits that Ms. Shriki worked on the sale of the contents of the Music Studio in the summer of 2019.  Claimant lacks sufficient information or knowledge to form a belief regarding the

remaining allegations of Paragraph 18(v) and therefore, on that basis, denies them.

w. The allegations in Paragraph 18(w) purport to characterize and/or quote an email, which speaks for itself, and therefore do not require a response. To the extent a response is required, Claimant lacks sufficient information and knowledge to form a belief regarding the allegations in Paragraph 18(w) and therefore, on that basis, denies them.

x. The allegations in Paragraph 18(x) purport to characterize and/or quote an email, which speaks for itself, and therefore, do not require a response. To the extent a response is required, Claimant lacks sufficient information and knowledge to form a belief regarding the allegations in Paragraph 18(x) and therefore, on that basis, denies them.

y. Claimant admits that Ocean Studios California LLC sold the Music Studio to a purchaser for $3,350,000. Claimant lacks sufficient information or knowledge to form a belief regarding the remaining allegations in Paragraph 18(y) and therefore, on that basis, denies them.

z. Claimant lacks sufficient information or knowledge to form a belief regarding the allegations in Paragraph 18(z) and therefore, on that basis, denies them.

aa. The allegations in Paragraph 18(aa) purport to characterize the Deripaska Indictment, which speaks for itself, and therefore do not require a response. To the extent a response is required, Claimant lacks sufficient information and knowledge to form a belief regarding the allegations in Paragraph 18(aa) and therefore, on that basis, denies them.

bb. The allegations in Paragraph 18(bb) purport to characterize and/or quote an email, which speaks for itself, and therefore, do not require a response. To the extent a response is required, Claimant lacks sufficient information and knowledge to form a belief regarding the allegations in Paragraph 18(bb) and therefore, on that basis, denies them.

cc. The allegations in Paragraph 18(cc) purport to characterize and/or quote an email, which speaks for itself, and therefore do not require a response. To the extent a response is required, Claimant lacks sufficient information and knowledge to form a belief regarding the allegations in Paragraph 18(cc) and therefore, on that basis, denies them.

dd. Claimant lacks sufficient information or knowledge to form a belief regarding the allegations in Paragraph 18(dd) and therefore, on that basis, denies them.

ee. Claimant lacks sufficient information or knowledge to form a belief regarding the allegations in Paragraph 18(ee) and therefore, on that basis, denies them.

19.     The allegations in Paragraph 19 state legal conclusions to which no response is required.  To the extent a response is required, Claimant denies any characterization or implication that Sparticle, Mr. Ezubov, or OSC engaged in any conduct in violation of the IEEPA or any other law.

20.     The allegations in Paragraph 20 state legal conclusions to which no response is required.  To the extent a response is required, Claimant denies the allegations in Paragraph 20.

## RESERVATION OF RIGHTS

The statements made and defenses asserted in this Answer are based on the knowledge, information of, and inquiry by, Claimant, including through Claimant's Ultimate Beneficial Owner and Secretary, Mr. Ezubov, as of the date of this Answer's filing with the Court.  Claimant reserves the right to assert additional or different defenses to the extent facts developed in discovery or otherwise make such additional or different defenses appropriate.  Any allegation in the Complaint that is not expressly admitted is hereby denied.

## AFFIRMATIVE DEFENSES

Claimant asserts the following affirmative defenses and reserves all rights to amend or supplement these defenses when and if amended or additional defenses become appropriate and/or available in this action.  The allegation of defenses below does not assume the burden of proof for any issue to which the applicable law places the burden of proof on the United States of America.

1.     The Complaint fails to state a claim upon which relief could be granted.

2.     Plaintiff cannot establish that the Defendant-*in-rem* is traceable to any illegal transactions, as required by 21 U.S.C. § 881(a)(6).

15

3.      Claimant is an innocent owner under 18 U.S.C. § 983(d)(1).

4.      The seizure of the Defendant-*in-rem* violated the Fourth Amendment of the United States Constitution.

5.      Forfeiture of the Defendant-*in-rem* would be unconstitutional and in violation of the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

6.      The relief sought in the Complaint is barred, in whole or in part, by the equitable doctrine of laches.

7.      The relief sought in the Complaint is barred, in whole or in part, by the applicable statute of limitations.

WHEREFORE, Claimant requests that judgment be entered as follows:

A.      Dismissing the Complaint with prejudice; and

B.      Ordering the release of the Defendant-*in-rem* to Claimant; and

C.      Awarding Claimant costs and disbursements in this action, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: September 10, 2025

Respectfully submitted,

STEPTOE LLP

By:  */s/ Patrick F. Linehan*

Patrick F. Linehan
1330 Connecticut Avenue NW
Washington, D.C. 20036
(202) 429-8154
Plinehan@steptoe.com

*Counsel for Claimant Sparticle Limited*