September 19, 2025

**VIA CM/ECF**
The Honorable Ronnie Abrams
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States of America v. $3,435,676.57 in United States Currency held in General Ledger Account No. 4050720 at Wells Fargo Bank, N.A., formerly on Deposit in Account No. 2502560838 associated with Ocean Studios California LLC, and any and all funds traceable thereto, including accrued interest.*

Dear Judge Abrams:

Pursuant to the Court's Order of September 11, 2025 (ECF No. 37), Plaintiff United States and Claimants Pavel Ezubov and Sparticle Limited (collectively "Claimants" and each "Claimant") submit the following joint letter in advance of the initial conference scheduled for September 26, 2025. A proposed Case Management Plan and Scheduling Order ("CMP") is attached hereto.

**Nature of Action:** This is an *in-rem* action seeking to civilly forfeit $3,435,676.57 held in General Ledger Account No. 4050720 at Wells Fargo Bank, N.A., formerly on deposit in account No. 2502560838 associated with Ocean Studios California LLC ("OSC") ("Defendant-*in-rem*"). The United States alleges that Defendant-*in-rem* is subject to forfeiture as proceeds that are traceable to one or more violations of the International Emergency Economic Powers Act, or "IEEPA," and Executive Orders 13660, 13661, and 13662, and 31 C.F.R. § 589.201, each of which was promulgated in response to the United States's national emergency related to Ukraine (collectively, "Ukraine Sanctions"). This action arises from the U.S. Department of Treasury, Office of Foreign Assets Control's ("OFAC") April 6, 2018 designation of Mr. Oleg Deripaska as a Specially Designated National ("SDN"), under Executive Order 13661, for allegedly acting on behalf of a senior Russian government official, and under Executive Order 13662 as a person operating in Russia's energy sector. The United States's Complaint alleges that in or about December 2019, after Mr. Deripaska's SDN designation, an associate of Mr. Deripaska assisted in the sale of a music studio in Burbank, California for Mr. Deripaska's benefit, arranged for the proceeds of that sale (*i.e.*, the Defendant-*in-rem*) to be deposited into a Wells Fargo account held by OSC, and then attempted to transfer the Defendant-*in-rem* from that account to a Russian bank account associated with Mr. Deripaska, all for the purpose of benefitting Mr. Deripaska. Claimants

dispute that the Defendant-*in-rem* is traceable to any Ukraine Sanctions violation, and contend that each Claimant is in any event an innocent owner of the Defendant-*in-rem*.

**Jurisdiction and Venue:** Plaintiff contends that this Court has original jurisdiction over this forfeiture action pursuant to Title 28, United States Code, Sections 1345 and 1355. Plaintiff contends that venue is proper pursuant to Title 28, United States Code, Section 1355 (b)(1)(A) and alleges that some of the acts and omissions giving rise to the forfeiture took place in the Southern District of New York. Claimants reserve the right to make all appropriate arguments related to jurisdiction and venue in the event that evidence supporting any such argument is revealed during discovery.

**Discovery that has already taken place and/or discovery necessary to facilitate settlement discussions:** In March 2025, each Claimant responded to Special Interrogatories propounded by the United States pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, under the Federal Rules of Civil Procedure. No other discovery has taken place yet.

**Discovery Deadlines:** No discovery deadlines have been set. The proposed CMP, attached hereto, proposes various discovery deadlines. In some instances, these deadlines are longer than the suggested deadlines in the Court's form CMP. Specifically, the parties jointly request that the fact discovery period be extended to nine (9) months in light of the nature and complexity of these proceedings. Factors supporting this request include, among other things, the need to secure testimony from key witnesses located abroad, and the necessity of obtaining documents from foreign jurisdictions, including Russia and the United Kingdom. Obtaining such evidence through Mutual Legal Assistance Treaty requests or Hague Convention procedures is often a time-intensive process. Notwithstanding the requested extensions, the parties agree that discovery should commence promptly, in recognition of the timing constraints associated with international discovery and in accordance with Fed. R. Civ. P. 26(a)(1)(B)(ii) and 26(d)(1). Although Claimants remain concerned that fact discovery may require more than nine months, the United States has agreed to consider in good faith any reasonable requests by Claimants to extend the deadline and would prefer to set an earlier initial fact discovery deadline and request extensions if needed but has agreed to nine months as a compromise.

**Outstanding Motions:** There are no outstanding motions at this time.

**Prior Settlement Discussions:** The parties have not engaged in settlement discussions to date.

**Alternative Dispute Resolution:** The parties are willing to explore alternative dispute resolution ("ADR"). Among the various ADR options available, the parties would most prefer a settlement conference before a Magistrate Judge. A Magistrate Judge seems preferable to a private mediator, both to keep down costs and because a Magistrate Judge is most likely to have experience with the legal issues that could inform the parties' settlement positions. The parties believe that a settlement conference would be most productive at the close of fact discovery.

**Estimated Length of Trial:** Should this case proceed to trial, the parties expect the trial to last one to two weeks.

**Other Issues:** The United States submitted a formal jury demand on September 18, 2025 (ECF No. 39). Claimants reserve their right to challenge that demand on any basis available under Fed. R. Civ. P. 39(a)(1).

        Respectfully Submitted,

        */s/ Patrick F. Linehan*
        PATRICK F. LINEHAN
        Steptoe LLP
        *Counsel for Claimants Pavel Ezubov and Sparticle Ltd.*

        JAY CLAYTON
        United States Attorney
        Southern District of New York
        U.S. Department of Justice

        By: */s/ Jennifer Jude*
        JENNIFER JUDE
        KINGDAR PRUSSIEN
        Assistant U.S. Attorneys
        *Counsel for Plaintiff United States of America*