BOIES SCHILLER FLEXNER

November 18, 2026

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/20/2026

**BY ECF**
The Honorable Katharine H. Parker
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *United States of America v. $3,435,676.57*
Case No. 24-cv-09189-RA-KHP

Dear Judge Parker:

Claimants Pavel Ezubov and Sparticle Limited (together, "Claimants") respectfully move, pursuant to Section III(d) of Your Honor's Individual Practices in Civil Cases and the Protective Order in this case [ECF No. 22], for leave to file under seal certain exhibits submitted in support of Claimants' Motion to Compel and to file a narrowly redacted version of Claimants' memorandum of law to the extent the brief quotes or describes the sealed material. Claimants seek to seal or redact: (1) nonpublic corporate ownership and shareholding records, including registers of members, stock ledgers, deeds of trust, and an ownership chart; (2) documents from the currently non-public administrative record in the parallel case of *Gracetown, Inc. v. United States Dep't of Treasury, Office of Foreign Assets Control al.*, No. 26 Civ. 257(ER); (3) excerpts of transcript of Graham Bonham-Carter's deposition, dated November 4, 2026; (4) search warrant applications; (5) confidential grand-jury subpoenas; and (6) a U.S. Customs and Border Protection TECS Person Encounter List. The requested sealing and redactions are appropriately tailored to protect sensitive information while preserving public access to the substance of the discovery dispute.

## 1. Corporate Records

Claimants' nonpublic corporate records, submitted as Exhibits 1–9 to the Declaration of Pavel Ezubov ("Ezubov Declaration"), disclose the internal ownership, shareholding, and beneficial-ownership arrangements of private entities, including Ocean Studio Ltd., Delcom Services Corp., Hospina Limited, Gracetown Inc., and Sparticle Ltd. Claimants therefore seek sealing of these exhibits. Where previously produced, documents were generally designated CONFIDENTIAL under the protective order when produced either by Claimants or the government.[1] Others are derived from the *Gracetown* pending administrative record, addressed below.

[1] In particular, Ezubov Exhibits 1, 4, and 5 were produced by the government under Bates numbers USAO_0000125044, USAO_0000125047, USAO_0000109726 and designated as CONFIDENTIAL. Due to a document vendor issue these records are not displaying a Bates number when converted to PDF. Claimants apologize for the inconvenience.

BSF

**2. *Gracetown v. OFAC* Administrative Record Materials**

The OFAC penalty documents submitted as Exhibit 11 to the Boyle Declaration are derived from the pending administrative record in the *Gracetown* action pending before Judge Ramos. The parties there agreed, and Judge Ramos approved, that the administrative record in *Gracetown* not be publicly entered until briefing on the underlying APA challenge was complete. Consistent with this order, Claimants are seeking to file these record materials under seal until such time as the *Gracetown* court directs that the record be publicly filed. Separately, these documents also disclose nonpublic personal information and the terms and administration of a private family trust and information concerning current or former beneficiaries and other third parties. Claimants therefore seek sealing of these exhibits.

**3. Excerpts of Transcript of Graham Bonham-Carter's Deposition**

Claimants also seek to file under seal excerpts from the November 4, 2026 deposition transcription of Graham Bonham-Carter, submitted as Exhibit 2 to the Declaration of Daniel Boyle ("Boyle Declaration"). At the conclusion of the deposition, Mr. Bonham-Carter's counsel designated the entire transcript confidential pursuant to the Protective Order, without objection from Claimants. Rather than submit the entire deposition transcript, Claimants have submitted only the excerpts relevant to the Motion to Compel and seek sealing of those excerpts and corresponding references in Claimants' publicly filed papers.

**4. Search Warrant Applications**

Claimants also seek leave to file under seal three search warrant applications, submitted as Exhibits 5–7 to the Boyle Declaration. These documents were marked "CONFIDENTIAL," and Claimants have previously agreed to seek sealing of such materials, which the Court previously approved. [ECF No. 22] These documents additionally include sensitive identifying and financial information including about non-parties. Claimants therefore request that Boyle exhibits 5–7 be filed under seal in their entirety.

**5. Grand-Jury Subpoenas**

Claimants likewise seek leave to file under seal the grand-jury subpoenas, submitted as Exhibits 9–10 to the Boyle Declaration, issued to Quinn Bencivenga and Olga Shriki and their accompanying materials. The subpoenas were produced by the government and marked "CONFIDENTIAL," and are accompanied by letters from the United States Attorney's Office requesting that their existence not be disclosed in order to preserve the confidentiality of the investigation and avoid interference with that investigation. The subpoenas and riders reveal the scope of the grand-jury inquiry and communications records sought by federal investigators. They additionally seek sensitive identifying and financial information. Claimants therefore request that Boyle exhibits 9 and 10 be filed under seal in their entirety.

BSF

**6. U.S. Customs and Border Protection TECS Person Encounter List**

Finally, Claimants seek leave to file under seal a four-page U.S. Customs and Border Protection TECS Person Encounter List concerning Oleg Deripaska, submitted as Exhibit 1 to the Boyle Declaration. The document contains nonpublic federal law-enforcement database information and information regarding border encounters. Each page is marked "For Official Use Only – Law Enforcement Sensitive" and "Subject to Protective Order." Claimants therefore request that Boyle exhibit 1 be filed under seal in its entirety.

Claimants recognize that documents submitted to the Court for purposes of adjudication are judicial documents subject to a presumption of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006); *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 142 (2d Cir. 2016). The proposed sealing and redactions are narrowly tailored to the particular information described above and are no broader than necessary to protect the identified privacy and confidentiality interests.

For the foregoing reasons, Claimants respectfully request that the Court permit Claimants to: (1) file under seal the exhibits identified above and in the Declaration of Pavel Ezubov and the Declaration of Dan Boyle; (2) publicly file redacted versions of Claimants' memorandum of law and supporting declarations where necessary to avoid disclosure of the sealed material; and (3) file under seal unredacted versions of those papers with the proposed redactions highlighted. We thank the Court for its consideration.

Respectfully Submitted,

*/s/ Dan G. Boyle*
Dan G. Boyle
BOIES SCHILLER FLEXNER LLP
2029 Century Park East
Suite 1060
Los Angeles, CA 90067
(213) 995-5732
dboyle@bsfllp.com

*Counsel for Claimants Pavel Ezubov and Sparticle Limited*

APPLICATION GRANTED

Katharine H Parker

Hon. Katharine H. Parker, U.S.M.J.

11/20/2026

The Court has reviewed the motion to seal and finds that sealing is consistent with the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-21 (2d Cir. 2006); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016). Thus, the motion to seal is GRANTED. Claimant shall re-file a publicly accessible version of the Declaration of Daniel G. Boyle at ECF No. 78 containing Exhibits 3, 4, 8, and 12, which were not requested to be filed under seal. The Clerk of Court is respectfully directed to terminate ECF No. 75